## Whitfield v. Burdorf Company.

(Decided February 24, 1925.)

### Appeal from Harlan Circuit Court.

Sales—Refusal to Submit Issue whether Defendant was Liable for Whole or Only Part of Goods Purchased on Written Order Held Not Error in Absence of Plea of Mistake or Fraud.—Where defendant, who was sued on written order for electrical fixtures indorsed in writing by her agent which contained no restrictions as to her liability, defended only on ground that her contractor was liable for major portion of such bill, held refusal to submit issue whether defendant was liable for whole or only part of bill was not error in absence of any plea of fraud or mistake entering into its execution.

SAMPSON & SAMPSON for appellant.

ACREE & BAKER and J. S. FORRESTER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Burdorf & Company, sought a recovery from Mrs. B. W. Whitfield for the sum of $826.01 on account for a bill of electrical fixtures sold to her in December, 1921.

The first paragraph of the answer was a traverse; the second pleaded that $550.00 of the bill was sold and furnished to one T. C. Spurling and not to defendant, it being admitted that she was indebted to plaintiff for the amount in excess of $550.00, with the exception of some small items amounting to $25.00, which plaintiff admitted and credited. By a jury verdict and judgment of the court plaintiff was awarded the full amount of its claim and defendant appeals.

The facts are: Mrs. Whitfield had entered into a contract with one Spurling for the construction of a handsome residence in the city of Harlan. Spurling agreed to furnish all the material and construct the building for a fixed sum. The electrical fixtures had not been selected but they were estimated to cost $550.00, and it was agreed that if she selected fixtures at a higher price she would pay the excess over that figure.

Later a salesman representing plaintiff called on her and she gave him an order for fixtures aggregating in value $826.00. This was made out on a regular order blank of the company, which was headed, "Sold to Mrs.

B. W. Whitfield.'' Each article was written in the blank, with its cost, and the order was signed by the salesman. Also it was signed at the bottom, ''Accepted for Mrs. B. W. Whitfield. Nelson Cory, by Nelson Cory, architect. 12-2-21.''

Mrs. Whitfield and the architect testify that she selected the various articles; that they were written in the order and that she authorized Cory to accept it in her name, which he did in her presence, but that she explained to the salesman that Spurling was responsible to the extent of $550.00, and that she was only responsible for the excess over that sum, and this is not contradicted. Spurling was not present and his name does not appear on the order. The order was mailed to the firm and accepted by it, and the goods shipped to Mrs. Whitfield. They were received and checked up by the architect and used in the building. Spurling failed in business and was unable to complete his contract and owes Mrs. Whitfield large sums for advances made during construction.

The court refused to permit defendant to introduce in evidence the written contract she had with the contractor and the architect, but allowed her to state the agreement with the former, and both she and Cory testified that the latter had no general authority to represent her.

The court instructed the jury:

''The court instructs the jury that if they shall believe from the evidence that the defendant, Mrs. B. W. Whitfield, knew the bill of fixtures sued for herein were ordered in her name and shipped to her and that they were received by her knowledge and installed in her building, they will find for the plaintiff, not exceeding $801.75.

''2. Unless you so believe you will find for the defendant except $251.75.''

It is earnestly insisted that the pleadings raised an issue as to the purchase of $550.00 of the account sued on; and as there was no proof of any promise to pay for it, that a peremptory instruction should have been given in her favor for that amount, or failing in this an instruction should have been given on that issue.

This argument overlooks the fact that the suit is based on a written order endorsed in writing by her authorized agent and accepted by plaintiff, and in which there is no restriction as to her liability.

In the absence of a plea of fraud or mistake, it constitutes the contract between the parties, and implies a promise to pay for the goods so purchased and delivered.

It follows that the court did not err in refusing the offered instructions and those given were certainly as favorable to her as the pleading and facts warranted.

Perceiving no error the judgment is affirmed.